IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEANGELO JOHNSON, # 232041, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:12cv1063-WHA |
| ) | (WO) |
| JAMES CARLTON, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Deangelo Johnson ("Johnson") on November 29, 2012.

**I.  BACKGROUND**

On August 22, 2008, Johnson pled guilty in the Houston County Circuit Court to trafficking in marijuana, in violation of § 13A-12-231, Ala. Code 1975.  The trial court sentenced him as a habitual offender to 18 years in prison.  He appealed to the Alabama Court of Criminal Appeals, raising a claim that the trial court erred in denying his motion to suppress drug evidence seized from his person and his vehicle.[1]  *See* Exh. B.[2]  On July 31, 2009, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals

---

[1] Prior to his guilty plea, Johnson filed a motion to suppress the State's evidence which was heard by the trial court and denied.  He reserved his right to appeal the trial court's ruling on the suppression motion.

[2] In this and other sections of this Recommendation, all references to exhibits ("Exh.") are to those included with the respondents' Answer, Doc. No. 9.  References to document numbers ("Doc. No.") are to those assigned by the Clerk in this civil action.  Page references are to those assigned by CM/ECF.

affirmed Johnson's conviction. Exh. D. Johnson applied for rehearing, which was overruled on August 21, 2009. Exh. E. He then filed a petition for certiorari review with the Alabama Supreme Court, which that court denied on May 7, 2010, issuing a certificate of judgment the same day. Exh. F.

On May 10, 2011, Johnson filed with the trial court (the Circuit Court of Houston County) a petition for post-conviction relief under Ala. R. Crim. P. 32, asserting the following claims:

(1) there was a defect in the indictment associated with an essential element of the offense, which left him "unaware of the nature and cause of the charge";

(2) he was entrapped;

(3) the trial court erred in denying his motion to suppress the drug evidence seized from his vehicle;

(4) his trial counsel was ineffective for failing to file a motion to suppress the drug evidence because there was no reasonable suspicion or probable cause to search his vehicle and he never consented to the search;

(5) he did not consent to the search of his vehicle;

(6) he was entitled to know the identity of the confidential informant; and

(7) there was a break in the chain of custody of the marijuana seized from his vehicle.

Exh. G at 6-36.

On October 27, 2011, the trial court entered an order denying the Rule 32 petition.

Exh. G at 41-42.  Johnson then appealed to the Alabama Court of Criminal Appeals, reasserting the claims in his Rule 32 petition.  Exh. H.  On April 20, 2012, by unpublished memorandum opinion, that court affirmed the trial court's judgment denying Johnson's Rule 32 petition.  Exh. J.  Specifically, the appellate court held that (1) Johnson's substantive claims regarding the search and seizure were procedurally barred under Ala. R. Crim. P. 32.2(a)(2) and (a)(4), because they were raised and addressed at trial or on appeal; (2) the remainder of Johnson's substantive claims were nonjurisdictional and were procedurally barred under Ala. R. Crim. P. 32.2(a)(3) and (a)(5), because they could have been, but were not, raised at trial or on appeal; and (3) Johnson's claim of ineffective assistance of counsel was without merit.  Exh. J at 2-9.  Johnson applied for rehearing, which was overruled on May 18, 2012.  Exh. K.  He filed a petition for certiorari review with the Alabama Supreme Court, which that court denied on August 10, 2012, issuing a certificate of judgment the same day.  Exh. L.

On November 29, 2012, Johnson filed this petition for writ of habeas corpus under 28 U.S.C. § 2254, reasserting the claims he presented in state court in his Rule 32 proceedings.  Doc. No. 1.  The respondents answer that the state court adjudications finding no merit in Johnson's claim of ineffective assistance of counsel were correct and that Johnson has procedurally defaulted on his remaining claims because the last state court to render an opinion on the claims correctly found they were procedurally defaulted under state rules.  Doc. No. 9.  Following a careful review of Johnson's § 2254 petition, the undersigned

3

finds Johnson is not entitled to habeas relief on the basis of any of his claims and that his petition should be denied without an evidentiary hearing. Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.  DISCUSSION

### A.  Standard of Review for Claims Adjudicated on Merits by State Courts

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief." *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. Sep. 21, 2010).  To prevail on a properly presented § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding."  28 U.S.C. §2254(d)(1) and (2);[3] *see Williams v. Taylor*, 529 U.S. 362, 404-05 & 412-13 (2000).  A state

---

[3] Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)    resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or

(continued...)

4

court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 405-06. A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Id.* at 407. "Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (citing *Williams*, 529 U.S. at 409).

Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §

---

$^{3}$(...continued)
        (2)   resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price v. Vincent*, 538 U.S. 634, 639 (2003).

"This is a 'difficult to meet,'" *Harrington v. Richter*, 562 U.S. 86, ___, 131 S.Ct. 770, 786 (2011), and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)." *Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S.Ct. 1388, 1398 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S.Ct. at 786 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### *1. Assessing Claims of Ineffective Assistance of Counsel*

A claim of ineffective assistance of counsel must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth

> Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted).

The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Here, because the state court ruled on the merits of Johnson's ineffective assistance of counsel claim, this court's § 2254 review under *Strickland* is another step removed from the original analysis, or as the Supreme Court puts it, "doubly deferential." *Burt v. Titlow*,

7

___ U.S. ___, ___, 134 S.Ct. 10, 13 (2013) (quotation marks and citation omitted); *see Tanzi v. Sec'y, Florida Dep't of Corr.*, 772 F.3d 644, 652 (11th Cir. 2014) (quoting *Burt*).

### 2. *Johnson's Claim That Trial Counsel Rendered Ineffective Assistance*

Johnson claims his trial counsel was ineffective for failing to file a motion to suppress the drug evidence because there was no reasonable suspicion or probable cause to search his vehicle and he never consented to the search. Doc. No. 1 at 9, 15-16.

Johnson presented this claim in his Rule 32 petition, and the trial court found that the claim lacked merit. The Alabama Court of Criminal Appeals affirmed the Rule 32 court's judgment, holding that the claim was properly denied as without merit. The appellate court specifically found:

> First, trial counsel did move to suppress the evidence, arguing that the search and seizure was illegal. Second, this Court has already reviewed the legality of the search and seizure in Johnson's case [on direct appeal].
>
> ....
>
> Because trial counsel did move to suppress the evidence based on the legality of the search and seizure and because this Court held that the search was legal, Johnson's claim that trial counsel was ineffective for failing to file a motion to suppress is without merit. *McNabb v. State*, 991 So.2d 313, 320 (Ala. Crim. App. 2007) (holding that "because this claim was clearly refuted by the record, summary denial was proper pursuant to Rule 32.7(d), Ala. R. Crim. P."); *Bearden v. State*, 825 So.2d 868, 872 (Ala. Crim. App. 2001) ("[C]ounsel could not be ineffective for failing to raise a baseless objection."). Therefore, the circuit court did not err in summarily dismissing this claim.

Exh. J at 3-9.

As the state appellate court found, before Johnson pled guilty his trial counsel filed

8

a motion to suppress the State's evidence, *see* Exh. A at 14-15, which was heard by the trial court and denied, *id*. at 92-128. Trial counsel reserved Johnson's right to appeal the trial court's ruling on the suppression motion, and Johnson pursued the suppression issue on direct appeal. On direct appeal, the appellate court found that law enforcement officers' initial investigatory stop of Johnson's vehicle was supported by reasonable suspicion (based on information provided by a reliable confidential informant) and that the subsequent search of the vehicle and Johnson was supported by probable caus (based on the officers' detection of the strong odor of marijuana in the vehicle during the investigatory stop). *See* Exh. D. Thus, Johnson fails to show that his trial counsel failed to file a motion to suppress the drug evidence. He establishes neither deficient performance nor resulting prejudice.[4] *Strickland*, 466 at 687. Accordingly, this court finds that the decision of the Alabama state court was a reasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2), and that the decision was neither contrary to, nor an unreasonable application of, clearly established federal law, *see* 28 U.S.C. § 2254(d)(1). Johnson is not entitled to habeas relief based on this claim.

## B. Procedurally Defaulted Claims

---

[4] Johnson's assertion in his reply to the respondents' answer (*see* Doc. No. 11 at 4-5) that his trial counsel performed deficiently by failing to argue in support of the suppression motion that Johnson did not "voluntarily consent" to the search of his vehicle is beside the point. The state courts found that the search and seizure were justified based on reasonable suspicion (for the investigatory stop) and probable cause (for the subsequent search). Johnson's consent to the search was not required to authorize the search, and there would have been no point in counsel's arguing that Johnson did not consent to the search.

The respondents argue that Johnson has procedurally defaulted the remaining claims (i.e., the substantive claims) in his petition because the last state court to render an opinion on the claims correctly found they were procedurally defaulted under state rules. Doc. No. 9. This court agrees.

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992)

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

Here, in Johnson's appeal from the denial of his Rule 32 petition, the Alabama Court of Criminal Appeals held that Johnson's substantive claims regarding the search and seizure were procedurally barred under Ala. R. Crim. P. 32.2(a)(2) and (a)(4) because they were

raised and addressed at trial or on appeal,[5] and that the remainder of Johnson's substantive claims were nonjurisdictional and were procedurally barred under Ala. R. Crim. P. 32.2(a)(3) and (a)(5), because they could have been, but were not, raised at trial or on appeal. *See* Exh. J at 1-3. This court must respect the state court decision as an adequate and independent state law ground precluding federal review. *See Coleman v. Thompson*, 501 US 722, 729 (1991). Because the Alabama Court of Criminal Appeals held that Johnson's substantive claims were procedurally barred under Ala. R. Crim. P. 32.2(a), the substantive claims in his habeas

---

[5] Even if Johnson's substantive search-and-seizure claim – which is predicated on the alleged violation of his Fourth Amendment rights – is not otherwise procedurally defaulted, this court is precluded from reviewing the state courts' determination that the claim was meritless. Under *Stone v. Powell,* 428 U.S. 465, 482 (1976), "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." This rule applies to all claims arising under the Fourth Amendment. *See, e.g., Cardwell v. Taylor*, 461 U.S. 571, 572 (1986). The rule in *Stone* applies despite legal or factual error in the state court, and does not require a federal court to review the state court's factfinding or its application of Fourth Amendment law. *See Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994) (holding federal courts "are not to consider whether full and fair litigation of the claims *in fact* occurred in the state courts, but only whether the state provided an opportunity for such litigation"). Here, Johnson was afforded an evidentiary hearing in the trial court on his motion to suppress, after which the trial court made findings of fact and conclusions of law in denying Johnson's motion. *See* Exh. A at 92-128. Johnson pursued the claim on direct appeal, where the Alabama Court of Criminal Appeals rejected his argument that his motion to suppress should have been granted and discussed the Fourth Amendment issue at length. *See* Exh. D. For purposes of *Stone*, then, Johnson clearly had a "full and fair" opportunity to litigate his Fourth Amendment claim in the state courts. He was afforded an evidentiary hearing in the trial court on his motion to suppress, followed with a direct appeal to the Alabama Court of Criminal Appeals and an application for discretionary review by the Alabama Supreme Court. The trial court's order denying Johnson's motion to suppress and the appellate opinion by the Alabama Court of Criminal Appeals make plain that both the trial court and the appellate court fully and fairly considered the Fourth Amendment claim raised by Johnson. Under the principle set forth in *Stone*, this court is precluded from reviewing the state court's determination. *See Peoples v. Campbell*, 377 F.3d 1208, 1225 (11th Cir. 2004); *Huynh v. King*, 95 F.3d 1052, 1057-58 (11th Cir. 1996); *Morgan v. Estelle*, 588 F.2d 934, 940 (5th Cir. 1979).

petition are procedurally defaulted.

This court may reach the merits of Johnson's procedurally defaulted claim only in two narrow circumstances:

> First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); [*Wainwright v.*] *Sykes*, 433 U.S. [72,] 87 [(1977) ].... Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96. A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*.

*Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

"[C]ause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" or that the procedural default resulted from ineffective assistance of counsel.[6] *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice, in this context, means a reasonable probability that the outcome would have been different. *Jenkins v. Bullard*, 210 Fed. App'x 895, 898-901 (11th Cir. 2006). Johnson demonstrates neither cause for his failure to present his federal habeas claim to the state courts in compliance with applicable procedural rules, nor the existence of actual prejudice emanating from

---

[6] "[A]n ineffective assistance of counsel claim being used for cause to excuse a procedural default of another claim is not itself excepted from the doctrine of procedural default." *Henderson v. Campbell*, 353 F.3d 880, 896 (11th Cir. 2003) (citing *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000)).

infringement of federal law.

Absent a showing of cause and prejudice, a federal habeas court may yet consider a procedurally defaulted claim if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." *Smith v. Murray*, 477 U.S. 527, 537–38 (1986). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). Johnson fails to make the requisite showing of actual innocence, and indeed makes no attempt to do so. He points to no new evidence – nor suggests that any exists – that could satisfy the difficult standard set forth in *Schlup*. Consequently, his procedurally defaulted claims are foreclosed from federal habeas review.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief under 28 U.S.C. § 2254 filed by Johnson be denied and that this case be dismissed with prejudice. It is further

ORDERED that on or before **March 16, 2015** the parties shall file objections to the

said Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 24th day of February, 2015.

/s/ Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES MAGISTRATE JUDGE